# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA | CRIMINAL COMPLAINT |
|---|---|
| v. | MAGISTRATE JUDGE |
| | CASE NUMBER GERALDINE SOAT BROWN |
| KENIER SIERRA | 08CR 663 |

FILED
AUG 19 2008
Aug 19 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

I, Jim Laverty, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

On or about August 19, 2008, in Cook County, in the Northern District of Illinois, the defendant herein:

knowingly and intentionally possessed with the intent to distribute a controlled substance, namely, more than One kilograms of mixtures and substances containing heroin, a Schedule I Narcotic Drug Controlled Substance,

in violation of Title 21, United States Code, Section 841(a)(1).

I further state that I am a Special Agent of the Drug Enforcement Administration ("DEA") and that this complaint is based upon the following facts:

See Attached Affidavit.
Continued on the attached sheet and made a part hereof: __X__ Yes  ____ No

Signature of Complainant

Sworn to before me and subscribed in my presence,

August 19, 2008                                         at Chicago, Illinois
Date                                                          City and State

GERALDINE SOAT BROWN
United States Magistrate Judge
Name & Title of Judicial Officer                    Signature of Judicial Officer

STATE OF ILLINOIS     )
                      ) SS
COUNTY OF COOK        )

## AFFIDAVIT

I, James Laverty, being duly sworn, depose and state as follows:

1. I am a Special Agent with the Drug Enforcement Administration ("DEA"), and have been so employed by the DEA for approximately twelve years. In connection with my official DEA duties, I am currently assigned to a Heroin Trafficking Enforcement Group as part of the DEA Chicago Field Division, and have been so assigned for approximately the past three years. As part of my duties, I have been involved in the debriefing of defendants, witnesses, informants, and others who have knowledge of narcotics trafficking, and of the laundering and concealing of proceeds of drug trafficking defendants. I have received specialized training in the enforcement of narcotics trafficking laws. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510 (7) of Title 18, United States Code, and I am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516, Title 18, United States Code.

2. I have received specialized training in the enforcement of laws concerning controlled substances including, but not limited to, instruction in the areas of drug identification, investigative techniques, criminal law, undercover operations, informant development and handling, physical and electronic surveillance, and debriefing defendants, witnesses and informants, as well as various methods and procedures utilized by drug organizations to illegally import, transport, and distribute controlled substances and to launder and conceal proceeds related to drug trafficking.

1

3. The information contained in this affidavit is based on my personal observations, information related to me by sworn agents and law enforcement officers, and my training and experience in the investigation of narcotics trafficking. I submit the following facts which establish probable cause to believe that KENIER SIERRA has committed a violation of 21 U.S.C. § 841(a)(1) (possession with intent to distribute heroin).

4. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint, and does not contain all of the facts known to me in regard to the individuals and events described herein.

**INVESTIGATION**

5. On August 19, 2008, the Affiant, as well as other agents, went to an apartment located at 2801 N. Campbell, 2nd floor, Chicago, Illinois in an effort to interview the residents and to possibly obtain consent to search the apartment.. At approximately 9:30 a.m., the Affiant entered the common area of the apartment building and walked up to the second floor and listened at the door of the apartment. The Affiant could hear people talking inside, carrying on a normal conversation. The Affiant knocked on the door and announced "police" in Spanish. The Affiant heard the conversation cease and then could hear people scrambling about inside the apartment.

7. About a minute or so later, agents positioned outside the building observed, a Hispanic male flee from the back of the apartment while carrying a black duffle bag. Agents, including the Affiant, chased after him. The Affiant chased the man, and apprehended him in a front yard a couple of houses away from the apartment building from where he first fled. The man complained of pain and injuries and one of his ankles was swollen. The Affiant checked the man for weapons and then summoned an ambulance for him. The Affiant observed that the man

2

wasn't wearing any shoes. The Affiant later observed one flip flop shoe wedged near the top of a tall, black metal, wrought iron gate that is connected to the apartment building for 2801 N. Campbell. The Affiant also observed the second flip flop shoe on the sidewalk near the tall gate. An agent who was surveilling the rear of the building told me he has observed the man hurl himself over this gate, which is at least eight feet high, while fleeing with the black bag.

8. At about the same time, another agent who was canvassing the ground along the route he ran recovered the black duffle bag the man was seen carrying when he fled the apartment building. The Affiant opened the black bag and saw four shoes in the bag and observed that each of the shoes contained a package hidden under the sole, cut to the shape of the shoe, containing suspected heroin. Agents field tested and weighed the powder in one of the packages, and it tested positive for heroin. Each package weighs approximately 600 grams. In my training and experience, I know 600 grams of heroin is not a quantity for personal use, but rather a quantity for distribution.

9. Agents went back to the apartment building at 2801 N. Campbell and encountered a woman I know to be Individual A leaving a rear exit to the building while carrying a duffle bag containing miscellaneous clothing. After speaking with her for a while Individual A stated she wished to cooperate with investigators and gave verbal and written consent, (written in Spanish) for her apartment (2801 N. Campbell, 2nd floor) to be searched.

10. During the consensual search of the apartment, four more shoes were seized, each of which contained approximately 600 grams of a white powder suspected to be heroin concealed, in the sole of each of the shoes. The powder was packaged in the same manner as the heroin recovered from the male. Agents also recovered two additional kilogram-sized bricks of suspected heroin from the apartment, as well as scales, packaging materials, drug ledgers, stacks

3

of U.S. Currency, and additional suspected heroin, already packaged for delivery. In addition, agents seized numerous miscellaneous documents with the names of Individual A and KENIER SIERRA on the documents, including Colombian passports containing photographs of SIERRA. I recognized the passport photo of SIERRA to match the man who had fled the apartment with the backpack.

### CONCLUSION

11. Based on the foregoing, I believe there exists probable cause to believe that KENIER SIERRA knowingly and intentionally possess with the intent to distribute mixtures and substances containing heroin, namely, in excess of 1 kilogram of heroin, a Schedule I controlled substance, in violation of Title 21 U.S.C. § 841(a)(1).

JAMES LAVERTY
Special Agent
Drug Enforcement Administration

Subscribed to and sworn

before me this 19th day of August 2008

GERALDINE SOAT BROWN
United States Magistrate Judge

4